The opinion of the court was delivered by
Egan, J.
The defendant was convicted and sentenced for the crime of rape. He has appealed. The only question for our consideration is presented by a bill of exceptions to the charge of the judge that if the jury believe that the prosecutrix was under twelve years of age she was incapable of giving consent. In most of the States the age at which a female is deemed capable of giving consent in cases of rape has been fixed by statute. It is not so, however, in Louisiana. We are, therefore, left to the common law as it existed prior to 1805, and to such other *1250 sources of information as are afforded by the provisions of our law on kindred subjects.
Lord Hale, 1 Hale’s P. 0., says that all sexual intercourse with a ■child under twelve years, whether with or without her consent, is rape; and that the statute of Westminster 1, which reduced all rape to a misdemeanor, referred to that period. Blackstone, vol. 4, p. 212, says, however, that law has generally been held only to extend to infants under ten. G-reenleaf, vol. 3, sec. 211, says: “If the female was of tender age, the law conclusively presumes that she did not consent, and this age being not precisely determined in the common law was settled by the statute, 18 Eliz. c. 7, at ten years.” In first East’s, P. C., it was held that the statute providing for the punishment of persons having carnal knowledge of infants under ten, and reducing the punishment, rather created a new felony, other than rape, at common law, fo the definition of which last offense force seems essential. Wharton’s Am. Grim. Law, vol. 1, sec. 58, fixes fourteen as the age at which infants are presumed to be able to distinguish between good and evil, though they may be shown to be so much earlier. The same author (sec. 61) says: "An infant under fourteen is presumed by law unable to commit rape, and, therefore, it seems can not be guilty of it, and though in other felonies malitia supplet celatem in some cases, yet it means as to this fact the law presumes him impotent as well as wanting in discretion. Nor is any evidence admissible to show that in fact he had arrived at the full state of puberty, and could commit the offense. Waterman’s Federal Digest, p. 520, sec. 20, is to the same effect, except that evidence in rebuttal of the legal presumption may be received. In same, sec. 23, it is said that a female ceases to be a child and becomes a woman at the age of puberty within the meaning of the statute of Ohio defining the crime of rape. There would seem to be no good reason in law for excusing the criminal under fourteen, both on the ground of incapacity and impotency, and yet holding that a female under the age of puberty is capable of giving consent to carnal connection. In the unsettled state of the law, and amid the conflict of authority, we think the safest rule is to look to its origin and reason. On this subject our own O. O. contains provisions which throw valuable light on the intentions and objects of the lawmaker. Art. 34 provides that, as “ age forms a distinction between those who have and those who have not sufficient reason and experience to govern themselves, and to be masters of their own conduct; but, as nature does not always impart the same maturity and strength of judgment at the same age, the law determines the period at which persons are sufficiently advanced in life to be capable of contracting marriage and forming other engagements.” Art. 36 fixes the age of puberty at fourteen for males, and twelve for females ; and art. 92 prohibits minis *1251 •fcers of the gospel, and magistrates entrusted with the power of celebrating marriages, from marrying any male under the age of fourteen years, and any female under the age of twelve years, under penalty, as to the magistrates, of being removed from office, and as to the minister, of being forever deprived of the right of celebrating marriages. We think the Ohio rule and that contended for by Sir Matthew Hale more in accordance with the reason and policy of the law, and especially of our own law, and, in the absence of any adjudication in this State to the contrary, we think there was no error in the charge complained of.
The verdict and sentence appealed from are therefore affirmed.